636 A.2d 1299

**GREENE COUNTY CITIZENS UNITED, by Cindy CUMPSTON, Trustee Ad Litem; Greene County Haulers Association; by John Glendenning, Trustee Ad Litem Dunkard Township; Greene Township et al.**

v.

**GREENE COUNTY SOLID WASTE AUTHORITY, a Pennsylvania Corporation; William H. Martin, Inc., a Pennsylvania Corporation; Waste Management of Donora, Inc., a Pennsylvania Corporation et al.**

**Appeal of WILLIAM H. MARTIN, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Jan. 12, 1994.

Reargument Denied Feb. 28, 1994.

374

Mary Drake Korsmeyer, for appellant.

Robert J. Shostak, for appellee Greene County Citizens United.

Dennis M. Makel, for appellee Dunkard Township et al.

William R. Nalitz, Greene County Sol., for appellee, Greene County.

Before CRAIG, President Judge, COLINS, J., and KELTON, Senior Judge.

CRAIG, President Judge.

William Martin, Inc., a waste hauler, appeals an order of the Court of Common Pleas of Greene County overruling preliminary objections filed by the Greene County Solid Waste Authority and Martin. The trial court also certified its interlocutory order as involving a controlling issue of law, as to which there are substantial grounds for difference of opinion. This court granted permission to appeal the interlocutory order.

The issues Martin raises in this appeal are: (1) whether the trial court has jurisdiction over disputes concerning the implementation of a county solid waste plan adopted pursuant to the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556 (Act), 53 P.S. §§ 4000.-101–4000.1904; and (2) whether the trial court can exercise equity jurisdiction when a statutory administrative remedy is available.

A citizens' group, together with various local municipalities in the county and a waste hauler, filed a complaint (1) alleging that the county-formed Greene County Solid Waste Advisory Committee, created to prepare and draft a proposed waste management plan for the county, had not complied with the

Act in the adoption of the county-wide plan, and (2) seeking preliminary and permanent injunctive relief in the form of an order enjoining the authority from performing under contracts the authority entered into with Martin and Waste Management of Donora, another waste hauler, to implement the county plan. In accordance with section 505 of the Act, DER "conditionally" approved the plan in April, 1991. Paragraph 19, Amended Complaint. The citizen-group parties did not challenge DER's action in approving the plan.

The complaint essentially raises challenges to three aspects of waste management in the county. First, the complaint challenges the plan adoption process on the following bases: (1) the County Planner misrepresented the content of the plan by (a) allegedly misinforming local municipalities and citizens regarding who would be responsible for the cleanup of existing illegal waste dump sites (the citizen-group parties aver that the planner stated that DER would clean-up the sites at a minimal cost to each resident; the citizen-group parties contend that the plan actually calls for each owner of an illegal dump site to pay for the costs of clean-up) and (b) allegedly misinforming municipalities and citizens that the consequence of failing to adopt the proposed plan would be that the county would be subject to a plan of DER's creation; (2) the adoption process violated section 503(b) of the Act because the Authority allegedly did not provide municipalities with progress reports; (3) a member of the County Board of Commissioners allegedly violated the Ethics Act by failing to file a financial statement; and (4) the plan allegedly violates the Act by failing to address financial factors adequately. Also, without specifically so pleading in its complaint, the citizen-group parties contend, in their brief, that the approval process was flawed by a conflict of interest issue, because the attorney hired by the board to "form" the authority also represented half of the municipalities in the county. Paragraph 16, Amended Complaint.[1]

1. The attorney in question, Mr. Hooks, is mentioned only in paragraph 16 of the amended complaint, where the citizen-group parties aver:

Second, the citizen-group parties claim that the authority, by obtaining certain intermunicipal agreements, has violated the Act, because those agreements contain provisions relating to waste management that were not incorporated in the approved plan. The citizen-group parties also assert that the agreements were not signed at public meetings, in alleged violation of the Sunshine Act.

Third, the citizen-group parties challenge the bidding process used for awarding certain contracts for hauling waste. Specifically, they assert that the bidding instructions erroneously indicate a gate or tip rate at landfills designated in the plan, even though at the time the plan was developed and approved, the county had not yet entered into contracts with one of the designated landfills. The citizen-group parties assert that the absence of an established contractual tip fee, with that one designated landfill, created uncertainty in the bidding process. Additionally, with regard to the award of contracts to Martin, the citizen group parties contend that Martin, with intent to deceive the authority, submitted a false financial statement with its bid. Also with respect to Martin, the citizen group parties assert that Martin failed to comply with the bidding instructions because it submitted a bond that is good for only one year, rather than for the three-year period of the contract term.

The citizen-group parties sought relief in the form of preliminary and permanent injunctions preventing the authority from implementing the plan and preventing the authority and Martin and Waste Management from performing their contracts.

On January 1, 1991, the Greene County Board of Commissioners contracted with James William Hook, Esquire to form the Greene County Solid Waste Authority. Mr. Hook also represents thirteen (13) of the twenty-six Municipalities in Greene County. At the regularly scheduled meeting of the Defendant Authority on November 24, 1992, Mr. Hook resigned his position as solicitor to the board because of conflicts of interest which had become apparent because of disagreement between the Defendant Authority and some of the Municipalities represented by Mr. Hook. Mr. Hook never had a contract for services with Defendant Authority.

The authority filed preliminary objections to the complaint, asserting (1) failure to join indispensable parties, (2) a demurrer, (3) adequate legal remedy, and (4) lack of jurisdiction of the trial court.

Before addressing the preliminary objections, the trial court granted the request for a preliminary injunction. The trial court then overruled the preliminary objections, and this certified interlocutory appeal followed.

In *Gleim v. Bear*, 151 Pa.Commonwealth Ct. 274, 616 A.2d 1064 (1992), this court reviewed a trial court's decision sustaining preliminary objections filed in an equity action challenging the standing of taxpayers to contest a municipality's award of a bid to a waste hauler. The taxpayers also asserted that the hauler that had been awarded the contract was violating the Act. This court remanded the matter to the trial court for a hearing on the propriety of the contract award, but noted, in dictum, that the Environmental Hearing Board (EHB) had jurisdiction over any claims regarding violations of the Act.

 However, the citizen-group parties assert that this court wrongly decided *Gleim*, because section 1711(b) of the act allows citizens to initiate actions before "courts of competent jurisdiction." Of course, any dictum in *Gleim* is not controlling here. Section 1711(b) of the Act states as follows:

**(b) Jurisdiction.**—*The Environmental Hearing Board is hereby given jurisdiction over citizen suit actions brought under this section against the department. Actions against any other persons under this section may be taken in a court of competent jurisdiction.* Such jurisdiction is in addition to any rights of action now or hereafter existing in equity, or under the common law or statutory law. (Emphasis added.)

The Act's definition of the term "persons" does encompass the defendant parties in this case, the authority and the waste haulers. However, the section quoted above falls under the chapter entitled "Enforcement and Remedies." Section 1701 of that chapter defines the type of conduct that is unlawful. Although unlawful conduct does include actions that violate

county waste management plans, conduct relating to the actual *process* of *plan adoption* is not included. Thus, the particular allegation of the citizen-group parties, that the authority is attempting to implement provisions that are not part of the approved plan, would, if proven, constitute a violation of the plan, and hence, unlawful conduct, which a citizen group can challenge in a common pleas court under section 1711. However, section 1711 does not apply to the particular allegations regarding the process of plan adoption. Rather, as DER points out in its amicus curiae brief, the proper method to challenge a plan that DER has approved, is by challenging DER's action in approving a plan by appealing the approval to the EHB.

DER asserts that the trial court has jurisdiction over all of the causes of action contained in the complaint, based on section 1703(d) of the Act. That provision vests only the courts of common pleas and this court with jurisdiction over causes of action in which the plaintiff seeks injunctive relief based on allegations of unlawful conduct. As indicated above, although the citizen-group parties were seeking injunctive relief that would preclude the authority from implementing the county plan, they were also seeking recission of the plan. Although section 1703 does require the department, and implicitly, other plaintiffs, seeking to abate unlawful conduct by an action in equity, as noted above, the only aspect of the citizen-parties' complaint that is encompassed by the enforcement and remedies chapter's definition of unlawful conduct is that relating to the alleged attempt by the authority to implement provisions that are not part of the approved plan.

Any challenge based on an alleged impropriety relating to the adoption process must be regarded as a collateral attack on DER's approval of the plan, which the citizen-group parties should have challenged by bringing a timely appeal of the department's action to the EHB.

■ As indicated above, the only aspects of the authority's action that the citizen-group parties may challenge before the trial court are those relating to allegations that the authority

is violating the terms of the adopted plan by incorporating provisions that were not approved in the plan. All of the other challenges, including the allegations regarding the County Planner's alleged misrepresentations, lack of progress reports, violations of the Sunshine Act and Ethics Act, licensing regulations, and lack of financial considerations in the plan, and the conflict of interest, relate to the adoption and approval process.

 With regard to the citizen-group parties' contentions regarding an alleged improper bidding process, the courts of common pleas generally are the proper forum for such actions. We note that section 502 of the Act, relating to the contents of municipal waste plans, does not specifically require counties to include contractual agreements between the county and haulers as part of the plan.[2]

 However, DER, in its letter dated May 16, 1991, granting conditional approval of the plan, indicated that the county was required to submit certain "implementing documents" within one year of the conditional approval. Thus, the validity of the county's action in entering the challenged contracts may ultimately affect the plan if a trial court deems the contracts invalid and DER intervenes because the county is not able to comply with DER's direction to submit hauler contracts as quickly as DER may require. However, the failure of the authority to so comply would be a matter solely between DER, as the approving agency, and the authority. The terms of DER's letter make clear that the county was not required to have final, executed contracts at the time DER approved the plan. Hence, the status of the county's contractual relationship with the haulers is not determinative with regard to citizens-group's challenge to the plan approval process.

Therefore, the bifurcation of the causes of action in this case, as between the EHB, which has jurisdiction over chal-

---

**2.** Section 502(j) does require plans to include "any proposed ordinances, *negotiated contracts,* or requirements that will be used to insure the operation of any facilities proposed in the plan." (Emphasis added.)

lenges to the plan approval process, and the trial court, which has jurisdiction over the claims of improper bidding process and unlawful conduct under the Act does not result in an illogical means of resolving the different claims in the complaint.

In accordance with *Gleim*, this court affirms that part of the trial court's order overruling the preliminary objections to the trial court's jurisdiction with respect to the cause of action in the complaint challenging the awards of contracts to Martin and Waste Management.

In summary, this court affirms the trial court's order overruling the preliminary objections with regard to the specific claims that the county is violating the Act by seeking to implement provisions that were not included in the county's plan and that the county improperly conducted the bidding process. However, the trial court erred by not sustaining the preliminary objections challenging the trial court's jurisdiction over the claims in the complaint challenging the waste management plan approval process. Hence, this court will affirm the trial court in part and reverse in part.

Because the Environmental Hearing Board has jurisdiction over claims relating to challenges to DER's approval of the county plan, this court, under sections 708(c) and 5103 of the Judicial Code, 42 Pa.C.S. § 708(c) and § 5103, which allows courts to transfer appeals or other matters that a party has erroneously filed in a trial court to the administrative agency that has jurisdiction over the appeal or other matter, directs that the citizen-groups' cause of action challenging the plan approval process be transferred to the Environmental Hearing Board.

## ORDER

NOW, January 12, 1994, the order of the Court of Common Pleas of Greene County, dated April 19, 1993, at No. 1090 of 1992, No. 1, in Equity, 1993, overruling appellant William H. Martin, Inc.'s preliminary objections claiming that an adequate remedy at law exists (Amended Preliminary Objection

No. IV) and that the Environmental Hearing Board has jurisdiction over the causes of action in the complaint (Supplemental Preliminary Objection No. VI), is

1. affirmed with regard to the appellee citizen-groups' claims relating to the bidding process and the allegation that the county is implementing waste management provisions that are not part of the approved county plan, because the courts of common pleas have jurisdiction over such claims; and

2. reversed with regard to the claim in the complaint challenging the process of adopting the county's waste management plan, because the Environmental Hearing Board has jurisdiction over such challenges.

The trial court is directed to transfer the cause of action challenging the plan approval process to the Environmental Hearing Board. Accordingly this case is remanded to the trial court.

Jurisdiction relinquished.